12-727-cv
Prince v. Astrue

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4ᵗʰ day of January, two thousand thirteen,

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DENNY CHIN,
                     *Circuit Judges.*

───────────────────────────────────────────────

RUNEE D. PRINCE,

                     *Plaintiff-Appellant*,

             -v-                                          12-727-cv

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

                     *Defendant-Appellee*.

───────────────────────────────────────────────

Appearing for Appellant:     Jaya A. Shurtliff, Law Offices of Kenneth Hiller, PLLC, Amherst, NY

Appearing for Appellee:      Monika K. Proctor, Special Assistant United States Attorney (Stephen P. Conte, *on the brief*), *for* Kathleen M. Mehltretter, United States Attorney, Western District of New York

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Runee D. Prince appeals from the judgment of the district court entered on December 20, 2011, following a decision dated December 19, 2011, affirming the denial of Social Security Disability Insurance benefits by an administrative law judge ("ALJ") on November 4, 2008. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

When this Court reviews a denial of Social Security benefits, the "focus is not so much on the district court's ruling as it is on the administrative ruling." *Schall v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998) (citation and internal quotation marks omitted). The Court does not make a de novo determination on whether the claimant is disabled, but instead conducts "a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)) (internal quotation marks omitted). "Substantial evidence is more than a mere scintilla. It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447-48 (2d Cir. 2012) (internal citations and quotation marks omitted).

To determine if a claimant is disabled, the Social Security Administration ("SSA") applies a five-step test. 20 C.F.R. § 404.1520. The burden of proof rests on the claimant at the first four steps of the test and shifts to the Commissioner at the fifth step. *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000). The second step of the analysis calls for the assessment of whether the claimant has a "'severe impairment' which limits his or her mental or physical ability to do basic work activities." *Id.* (citation omitted). The ALJ did not err in not finding Prince's physical impairments to be severe. The medical evidence in the record showed that the cited physical impairments did not limit Prince's "ability to do basic work activities." Rather, the reports of pain were all minor, apparently managed by over-the-counter medications, and Prince continued to engage in robust daily activities. While Prince definitely reported pain, in both his testimony and some supporting medical documents, "disability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983).

We also reject Prince's argument that the ALJ's assessment of his residual functional capacity ("RFC") was flawed. There was substantial medical evidence in the record that supported the ALJ's determination that Prince was able to undertake a variety of physical tasks, and it is clear than the ALJ took into consideration Prince's legitimate limitations by tailoring the RFC determination to only allow for "moderate stress" and to avoid the cold. The ALJ was not obligated to order new consultative examinations where there was no evidence to suggest that Prince's condition had deteriorated following the amended date of disability onset. Rather, as the medical evidence in the record following the amended onset date did not demonstrate any sufficiently changed conditions, these earlier consultative examinations were still rightly weighed as medical evidence.

2

We find Prince's remaining arguments to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk